FILED

2008 Mar-28  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THE MEGA LIFE AND HEALTH        }
INSURANCE COMPANY,              }
                                }
    Plaintiff and Counter-      }      CIVIL ACTION NO.
    defendant,                  }      05-AR-1060-S
                                }
v.                              }
                                }
DONALD D. PIENIOZEK,            }
                                }
    Defendant and              }
    Counterclaimant.           }


**MEMORANDUM OPINION AND ORDER**

This court is notorious for believing in the civil trial by
jury guaranteed by the Seventh Amendment.[1]  Yet, the drafters and
enacters of the Federal Rules of Civil Procedure,  while
recognizing this fundamental constitutional right which too many
courts have circumvented, did not transgress upon the Seventh
Amendment when they adopted Rule 38, Fed. R. Civ. P., which

---

[1]*See, e.g., Fleming v. Life of the South TPA, Inc.*, 868 F. Supp. 1347 (N.D.
Ala. 1994); *East v. Long*, 785 F. Supp. 941 (N.D. Ala. 1992); *Watkins v.
Bessemer State Technical College*, 782 F. Supp. 581 (N.D. Ala. 1992); *King v.
Shelby Med. Ctr.*, 779 F. Supp. 157 (N.D. Ala. 1991); *Bozeman v. Sloss Indus.
Corp.*, 138 F.R.D. 590 (N.D. Ala. 1991); *Woods v. Ficker*, 768 F. Supp. 793
(N.D. Ala. 1991); *Hargett v. Delta Auto., Inc.*, 765 F. Supp. 1487 (N.D. Ala.
1991); *Rhodes v. Piggly Wiggly Ala. Distrib. Co.*, 741 F. Supp. 1542 (N.D. Ala.
1990); *Walker v. Anderson Elec. Connectors*, 742 F. Supp. 591 (N.D. Ala. 1990);
*Blue Cross & Blue Shield of Ala. v. Lewis*, 735 F. Supp. 345 (N.D. Ala. 1990);
*Walton v. Cowin Equip. Co.*, 733 F. Supp. 327 (N.D. Ala. 1990); *Beesley v.
Hartford Fire Ins. Co.*, 717 F. Supp. 781 (N.D. Ala.), *aff'd on
reconsideration*, 723 F. Supp. 635 (N.D. Ala. 1989); *Jordan v. Reliable Life
Ins. Co.*, 716 F. Supp. 582 (N.D. Ala. 1989); *Springer v. Wal-Mart Assocs.
Group Health Plan*, 714 F. Supp. 1168 (N.D. Ala. 1989); *Whitt v. Goodyear Tire
& Rubber Co.*, 676 F. Supp. 1119 (N.D. Ala. 1987); *United States v. Welden*, 568
F. Supp. 516 (N.D. Ala. 1983); Charles A. Horowitz, Note, *Judge Acker's Last
Stand: The Northern District of Alabama's Lonesome Battle for the Right to
Trial by Jury under Title VII*, 39 Wash. U. J. Urb. & Contemp. L. 135 (1991).

provides the procedure by which a jury trial, if desired, must be demanded, and how it can be waived.

At the aborted pretrial conference held in the above-entitled case on March 13, 2008, counsel for plaintiff and counter-defendant, The Mega Life and Health Insurance Company ("Mega Life"), presented a proposed pretrial order that contained the standard paragraph that delineates the pretrial obligations of the parties in a case to be tried to a jury.  Counsel for defendant and counterclaimant, Donald D. Pieniozek ("Pieniozek"), questioned this proffered jury trial provision, taking the position that this is a non-jury case.  Under the circumstances, the court must decide if there was an effectual jury demand.  In addition to this issue there is before the court Pieniozek's motion to realign the parties, a motion that is hereby DENIED because the burden of proof would not be affected by a realignment.

## The Pertinent Facts

The pertinent procedural facts are these:

1.   On May 20, 2005, Mega Life filed this declaratory judgment action against Pieniozek, the beneficiary named in a life insurance policy.  Mega Life sought a declaration that upon the death of Pieniozek's wife, the insured who had been killed in an automobile accident, it owed nothing for the reason that it has exercised its right to rescind the policy because the insured

2

had misrepresented her annual income in the application for insurance.  Because the policy contained a provision for an increased benefit in the event of accidental death after an "autopsy" had been performed, and because Mega Life contended that an "autopsy" had not been performed, it prayed, in the alternative, for a declaration that Pieniozek's additional claim for accidental death benefits should be denied.  The complaint contained no jury demand.

2.   On October 18, 2005, Pieniozek filed his answer to the complaint, without a jury demand.  The answer was a general denial, in effect constituting a claim for the insurance benefits in the aggregate sum of $800,000.  Pieniozek filed no jury demand within the ten (10) day period after he filed his answer.

3.   On December 6, 2005, Pieniozek filed what he styled as an amended answer to the complaint.  It was identical in all respects to the answer filed on October 18, 2005, except for an attached demand for trial by jury.  This purported amended answer was filed without leave of court.

4.   On July 27, 2006, Pieniozek, with leave of court, filed a counterclaim seeking to recover the same insurance proceeds that were the subject of the original complaint.  The only conceivable purpose for the counterclaim was to add a count under Alabama tort law for the bad faith failure or refusal to pay the claim.  The counterclaim included a demand for jury trial.

5.   On January 18, 2007, the court granted Mega Life's motion for summary judgment as to Pieniozek's bad faith claim, but granted Pieniozek's motion for summary judgment as to the contract claim.  The court entered judgment for Pieniozek and against Mega Life for the $500,000 basic benefit and $300,000 for the accidental death.

6.   On January 31, 2007, Mega Life appealed.  On February 27, 2007, Pieniozek cross-appealed.

7.   On March 13, 2008, the Eleventh Circuit affirmed the summary judgment in favor of Mega Life on the bad faith claim, and affirmed this court's holding that Pieniozek had met the insurance policy's requirement for having had an "autopsy", but vacated and remanded the case for resolution of the sole issue presented both in the complaint and the counterclaim, namely, Mega Life's obligation and Pieniozek's entitlement under the insurance contract.[2]

8.   Because the Eleventh Circuit pointed out that Mega Life's claim of the right to rescind was based on its position "that it would have reduced the coverage available to Mrs. Pieniozek had she provided her correct income", Mega Life, on March 17, 2008, with leave of court, amended its complaint to seek alternative relief in the form of a reformation of the

---

[2]*Mega Life & Health Ins. Co. v. Pieniozek*, 516 F.3d 985 (11th Cir. 2008).

4

insurance contract to reduce the basic coverage from $500,000 to $60,000, and the accidental death benefit from $300,000 to $120,000.  Apparently recognizing that this alternate claim is equitable in nature, Mega Life did not append a jury demand, ostensibly relying upon Pieniozek's jury demands of December 6, 2005, and/or July 27, 2006, for a trial by jury of all jury triable issues.

9.   Mega Life now insists on a jury to try all jury triable issues, whereas Pieniozek contends that no jury trial was effectively demanded by either party with respect to the only remaining issue.

## **The Applicable Law**

Rule 38, Fed. R. Civ. P., in pertinent part, provides:

* * *

(b)   <u>Demand</u>.  On any issue triable of right by a jury, a party may demand a jury trial by:

   (1)   Serving the other parties with a written demand - which may be included in a pleading - no later than 10 days after the last pleading directed to the issue is served . . .

* * *

(d)   <u>Waiver</u>; <u>Withdrawal</u>.  A party waives a jury trial unless its demand is properly served and filed.  A proper demand may be withdrawn only if the parties consent.

In Mega Life's reply to Pieniozek's request for clarification of the jury trial question, it concedes, as it

5

must:

> Under Alabama law, issues involving the rescission of
> an insurance policy for misrepresentations in the
> application are issues for the jury.

This conclusion was occasioned by *Bennett v. Mutual of Omaha Insurance. Co.*, 976 F.2d 659, 661 (11th Cir. 1992), in which this very court's recognition of trial by jury on this very issue was affirmed by the Eleventh Circuit.

When Mega Life filed its complaint, it could, if it had desired trial by jury, have demanded a jury in its complaint or within ten (10) days thereafter.  It did not do so.  When Pieniozek filed his answer, he also could have included a jury demand, or filed one within ten (10) days thereafter.  He did not do so.  The refiling, without leave, of a purported amended answer much longer than ten (10) days after the original answer was filed was a nullity insofar as it purported to contain a jury demand.  When Pieniozek filed his jury demand with his counterclaim, he was entitled to a jury trial only on the newly added bad faith claim.  Insofar as that jury demand may have been construed as a demand for jury resolution of the contract dispute, it was ineffectual, because a jury was not demanded within "10 days after the last pleading **directed to the issue**." Fed. R. Civ. P. 38(b)(1)(emphasis supplied).  When this court eliminated the bad faith claim, the only outstanding and effectual jury demand became moot.

6

As explained in Professor Moore's treatise: "Assertion of the right to jury trial with regard to new issues raised in an amended pleading does not affect the waiver with respect to the issues raised in the original pleading."  8 Moore's Federal Practice § 38.50[8][c] (3d ed. 2007).  Lastly and convincingly, Professor Moore states the principle here applicable as follows:

> If a counterclaim raises the same issues as those raised in the answer, a jury demand within 10 days of the reply to the counterclaim will be effective for all issues raised by the answer and counterclaim; however, if the issues raised in the counterclaim are new issues, not those raised in the answer, demand within 10 days of the reply will only be effective as to those new issues, and not as to the issues addressed in the complaint and the answer.

*Id*. at § 38.50[9][b].

Because no timely jury demand was filed and served by either party with respect to the only remaining issue, this case will be tried without a jury, and the pretrial order, when entered, will so reflect.

DONE this 27th day of March, 2008.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

7