FILED
 2008 Apr-10  PM 02:04
U.S. DISTRICT COURT
    N.D. OF ALABAMA

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

THE MEGA LIFE AND HEALTH      }
INSURANCE COMPANY,            }
                              }
     Plaintiff and            }      CIVIL ACTION NO.
     Counterclaim defendant,  }      05-AR-1060-S
                              }
v.                            }
                              }
DONALD D. PIENIOZEK,          }
                              }
     Defendant and            }
     Counterclaimant.         }
```

## MEMORANDUM OPINION AND ORDER

As ordered by the court, defendant and counterclaimant, Donald D. Pieniozek ("Pieniozek"), timely answered the amended complaint of plaintiff and counterclaim defendant, Mega Life and Health Insurance Company ("Mega Life"). Without leave of court Pieniozek also filed a purported amended counterclaim. In Count III, Pieniozek claims the policy proceeds that will be available if Mega Life's alternative theory for reformation of the subject insurance policy is adopted by the court, and in Counts IV and V makes Alabama tort claims of bad faith and emotional distress as a proximate consequence of Mega Life's alleged suppression of the possibility of reformation of the contract instead of its complete rescission. In response, Mega Life has filed a motion to strike the amended counterclaim, or, in the alternative, for a jury trial as to all claims presented in the counterclaim.

Count III of the counterclaim is no more than a claim for

benefits under the insurance policy if it is reformed along the lines suggested by the Eleventh Circuit.  Count III presents no new issue.  It is no more than a repetition of Pieniozek's answer to the amended complaint.  It is redundant.  It does not open the door for a jury demand by Mega Life.  Although filed without leave, it need not be stricken.

Counts VI and V arguably open the door for a jury demand by Mega Life if the said counts are not precluded by the law-of-the-case, as Mega Life contends.  This court finds that the purported new counterclaims, as stated in Counts IV and V, are precluded.  It does not follow from the fact that the Eleventh Circuit recognized the alternative theory for Mega Life inherent in the evidence elicited and relied upon by both parties on the previous motions for summary judgment, that the Eleventh Circuit intended to open the door for entirely new tort counterclaims after the earlier bad faith counterclaim was dismissed with prejudice and that dismissal affirmed.

If Pieniozek had sought leave of court to file Count III of the amended counterclaim, the court would have granted it as harmless.  If he had sought leave of court to file Counts IV and V, the court would have denied his request.

In accordance with the foregoing, Mega Life's motion to strike Counts IV and V of the counterclaim is GRANTED, and the said counts are STRICKEN.  In all other respects, Mega Life's motion is DENIED.

DONE this 10th day of April, 2008.

                                           _____
                                           WILLIAM M. ACKER, JR.
                                           UNITED STATES DISTRICT JUDGE