```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

THE MEGA LIFE AND HEALTH       }
INSURANCE COMPANY,             }
                               }
     Plaintiff and             }    CIVIL ACTION NO.
     Counterclaim defendant,   }    05-AR-1060-S
                               }
v.                             }
                               }
DONALD D. PIENIOZEK,           }
                               }
     Defendant and             }
     Counterclaimant.          }
```

**SUPPLEMENTARY MEMORANDUM OPINION**

Confirming the findings of fact and conclusion of law announced in open court on May 16, 2008, the court reiterates its dispositive finding that the loose and undefined term "annual income" employed in Mega Life's application for life insurance, filled out in 2004 by Mega Life's agent, authorized the said agent, who knew that Mega Life would, in all likelihood, not write a life insurance policy with a death benefit of $500,000 without the insured's having an "annual income" of at least $35,000, to insert, with the insured's concurrence, the figure $35,000 as the insured's "annual income" when $35,000 was, in fact, a reasonable estimate of the insured's anticipated income during the twelve month period following her signing of the application. Under the totality of the circumstances known by the agent and the insured, they had no problem arriving at the figure $35,000 as the appropriate "annual income". That figure and the method it was arrived at were never

questioned by Mega Life's underwriters until after the insured's accidental death. The sum of $35,000 as the insured's "annual income", therefore did not constitute a "**misrepresentation**" or an "**incorrect statement**" by the insured that could provide a factual basis for Mega Life, using the language of Ala. Code § 27-14-7(a)(3), to rescind its policy of insurance. In short, Mega Life failed to meet its burden of proving by a preponderance of the evidence the existence of the statutory essentials to a right to rescind, including that it not only would have declined the application but also that its declination would have been "**in good faith**".

The $80,000 used by Mega Life's same agent as the "annual income" of the insured's husband in his simultaneously executed application for life insurance on himself, when the agent well knew that an $80,000 annual income for the husband was more "iffy" than a reasoned prediction of the wife's future income, reinforces the court's conclusion that in 2004, when both of these applications for life insurance were executed, Mega Life permitted considerable latitude in how the "annual income" of an insured was to be determined. Whether the hotly contested alleged Mega Life underwriting guidelines that used a ratio of income to the amount of coverage were, in fact, uniformly applied by Mega Life in 2004, is unnecessary to this decision.

Mega Life perhaps, in its own interest, should have been more careful in establishing and enforcing underwriting guidelines based

on a carefully defined income of the insured and the insured's age if income is really a factor in assessing risk, but under the way it was doing business in 2004, it could not **"in good faith"** have turned down this application for insurance that it accepted.

The court finds that a 6% annual interest rate on Mega Life's total obligation of $800,000 to the beneficiary-counterclaimant ($500,000 basic and $300,000 for accidental death), from its due date (January 10, 2005, the date Mega Life was given notice of Kellie Pieniozek's death and of Donald Pieniozek's intent to make a claim as the beneficiary of her policy), is the proper rate. When this court awarded 6% interest in its earlier opinion in this case, it did not employ the 1½% per month found to be applicable by the Supreme Court of Alabama and the Court of Appeals for the Eleventh Circuit in *Jordan v. National Accident Insurance Underwriters*, 948 F.2d 1218 (11th Cir. 1991), a case that originated in this court and that interpreted Ala. Code § 27-1-17 as it then existed. The instruction provided in *Jordan* is not applicable to the accidental death rider in this policy because § 27-1-17, the Alabama statute discussed in *Jordan*, has been replaced by a new § 27-1-17 that uses 1½% per month only after the non-payment of medical or hospital expenses due and arising from a covered accident. The statute in effect in 1991 was not in force in 2004 when Mega Life refused to pay the benefits here claimed by the beneficiary-counterclaimant. The court calculates interest on $800,000 at 6% per annum from January 10, 2005 until May 16, 2008, and arrives at $160,832.80.

A separate final judgment consistent with these findings will be entered.

DONE this 22nd day of May, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE