IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE MEGA LIFE AND HEALTH INSURANCE COMPANY, | } } } | |
| Plaintiff and Counterclaim defendant, | } } | CIVIL ACTION NO. 05-AR-1060-S |
| v. | } } } | |
| DONALD D. PIENIOZEK, | } } | |
| Defendant and Counterclaimant. | } } | |

## MEMORANDUM OPINION

The Mega Life and Health Insurance Company ("Mega Life"), has filed a timely post-judgment motion pursuant to Rule 59, F.R.Civ.P., seeking a reconsideration and/or alteration of several of this court's rulings. The motion was briefed by both sides and was orally argued on July 18, 2008.

First, Mega Life quarrels with this court's right to make findings of fact and reach conclusions of law based on the evidence heard by the court, when, according to Mega Life, the court's findings and conclusions are contrary to the law-of-the-case as established by the Eleventh Circuit. During oral argument on Mega Life's motion, the court reiterated its reasoning for disagreeing with Mega Life on this subject. At trial, Mega Life made no objection to the question put to Mr. Pieniozek, the beneficiary of the subject policy, who responded with the unequivocal answer that his wife, the insured, never

represented to Mega Life's agent that she made $700 a week.  Mr. Pieniozek's testimony on this point directly contradicted the agent's testimony.  Besides not objecting to the question when it was asked, Mega Life never moved to exclude Mr. Pieniozek's testimony as somehow precluded by the law-of-the-case, or for any other reason.  Evaluating credibility, as any trier-of-fact is called upon to do, this court believed Mr. Pieniozek and not Mega Life's agent.  If Mrs. Pieniozek had represented to Mega Life that she actually made $700 a week, it would clearly have constituted a misrepresentation of fact.  Thankfully, this court was not called upon to decide whether Mrs. Pieniozek committed fraud, because Mega Life withdrew its said contention at the pretrial conference.

Second, Mega Life complains again about the court's denying it a trial by jury.  Mega Life's argument on this subject contains nothing new.  Mr. Pieniozek's brief in response to Mega Life's Rule 59 motion does contain meritorious arguments not previously made on this subject, and with which, upon reflection, this court agrees.  Everything that could be said on this subject has been said.

Third, Mega Life complains that the court's determination of the applicable pre-judgment interest rate, and its computation of interest using that rate, were both erroneous.  The court employed the Alabama pre-judgment interest rate of 6% per annum

on fixed obligations.  According to Mega Life, this should have resulted in an interest accrual of $159,916.16, rather than $160,832.80, as calculated by this court.  Although Mr. Pieniozek may quibble over a difference of $916.64, the court will grant Mega Life's motion to the extent of reducing the judgment by $916.64.  Post-judgment interest will be deemed to have started running on the judgment, as thus reduced, from May 22, 2008, the date upon which the original judgment was entered.

Mega Life insists not only that the court made a mathematical error in computing pre-judgement interest, but that the proper rate was 3½% per annum, and not 6%.  Mega Life has two conjoined bases for this contention.  Its first is that the Supreme Court of Alabama has held:

> Where no written contract controls the interest rate. . . the legal rate of pre-judgment interest is six percent per annum, § 8-8-1, Code 1975. . .

*Rhoden v. Miller*, 495 So. 2d 54, 58 (Ala. 1986).  Mega Life follows this correct reference to Alabama law with the assertion that a written contract here controls the pre-judgment interest rate because the subject insurance policy contained the following language:

> We will figure the interest from the date of the Insured Person's death until the date of Our payment.  The interest rate will be 3.5% per year, or greater, if the interest rate, if any, [sic] required by law in the state where this Policy was issued.

Several problems arise from attempting to reconcile this strange

3

contract language with the law of Alabama, and to make sense of it all.

Before addressing Mega Life's argument, the court will respond to Mr. Pieniozek's argument that this policy was actually "issued" in Oklahoma, where Mega Life has its home office, where it signed the policy and where it put the policy in the mail to Mrs. Pieniozek.  Mr. Pieniozek argues that Oklahoma's pre-judgment interest rate, which is more than Alabama's 6% interest rate, should apply.  The court respectfully disagrees with Mr. Pieniozek on this point and, instead, finds that this particular policy, for the purpose of computing the interest due on an Alabama fixed obligation, was "issued" at the place it was received by the insured, namely, Alabama, so that if any state's pre-judgment interest rate controls, it is the Alabama rate.

The above-quoted, inartful language of the insurance policy, besides being ungrammatical and confusing, is ambiguous.  Is Alabama's 6% interest rate a "suggestion" or a "requirement"?  If it is not merely a suggestion, it must be a requirement.  The court finds 6% to be Alabama's "required" rate of pre-judgment interest for the purpose of construing this policy.  Mega Life argues that the reference to a 3½% interest rate in its policy predominates over and subsumes Alabama's rate because Alabama recognizes that it permits a lesser rate if "controlled" by contract.  Because the language in this policy, in conjunction

4

with Alabama's binding decisions on the subject of pre-judgment interest, could produce more than one result, they must be construed together in favor of the insured.  The court acknowledges that it is faced with the following conundrum: "Alabama law controls unless a contract says otherwise, but the contract controls unless Alabama law says otherwise". Conundrums, like other ambiguities, are resolved in favor of the insured.

Mega Life has abandoned its alternative claim for a reformation of the insurance contract, an issue that will only have to be addressed by this court if Mega Life is successful in attacking the present judgment on appeal.

An appropriate order consistent with the foregoing will be separately entered.

DONE this 23rd day of July, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE